OPINION
{¶ 1} Appellant, Rosa Morales Angulo, appeals from the trial court's conviction and sentence entered in two separate cases being Muskingum County Court of Common Pleas Case Number CR2005-0243 and CR2005-0352 on July 31, 2006. Timely Notices of Appeal were filed on September 1, 2006. On December 19, 2006, counsel for Appellant filed a consolidated brief pursuant to Anders v. California (1967), 386 U.S. 738, rehearingden. (1967), 388 U.S. 924, indicating that the within appeals were wholly frivolous. In said brief, counsel for Appellant did not specifically set forth an individual proposed Assignment of Error, but argued that Appellant's maximum, consecutive sentences were contrary to law.
 {¶ 2} Appellant's counsel further stated that on December 20, 2006, Appellant had been notified of the right to file a pro se merit brief. No pro se merit brief has been filed by Appellant.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On October 19, 2005, on Case Number CR2005-0243, Appellant pled guilty to one count of Possession of Drugs (methamphetamine), in violation of R.C. 2925.11(A), a fifth degree felony. The trial court accepted Appellant's guilty plea, granted Appellant's motion for intervention in lieu of conviction, and stayed any further proceedings.
 {¶ 4} On May 30, 2006, Appellant, being represented by counsel, pled guilty to one count of Aggravated Trafficking in Drugs (methamphetamine) with a forfeiture specification[1], in violation of R.C.2925.03(A)(1), a first degree felony in Case Number CR2005-0352. Sentencing was deferred until July 31, 2006, pending a pre-sentence investigation.
 {¶ 5} On July 31, 2006, in Case Number CR2005-0243, Appellant being represented by counsel, pled guilty to violating the terms and conditions of her intervention in lieu of conviction plan by virtue of being convicted of aggravated trafficking. As a result, Appellant's intervention plan was revoked, the prior stay of proceedings was lifted and the judgment of conviction for one count of Possession of Drugs (methamphetamine), in violation of R.C. 2925.11(A), a fifth degree felony, was imposed.
 {¶ 6} Subsequently, on July 31, 2006, Appellant, being represented by counsel, was sentenced to serve a one (1) year term of incarceration for the possession of drugs conviction in Case Number CR2005-0243, and a ten (10) year term of imprisonment for the aggravated trafficking conviction in Case Number CR2005-0352. Appellant was further ordered to serve the terms consecutively for an aggregate eleven (11) year term of imprisonment. It is from these maximum, consecutive sentences that Appellant seeks to appeal.
 {¶ 7} Appellant states in the Anders' brief that the trial court abused its discretion by imposing maximum consecutive sentences. We disagree.
 {¶ 8} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, the Ohio Supreme Court held that, under the United States Supreme Court's decisions in Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, and Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403, portions of Ohio's sentencing scheme were unconstitutional because they required judicial fact finding before a defendant could be sentenced to more than the minimum sentence, the maximum sentence, and/or consecutive sentences. As a remedy, the Ohio Supreme Court severed the offending sections from Ohio's sentencing code. Thus, pursuant to Foster, trial courts had full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive or more than minimum sentences.
 {¶ 9} In this case, the trial court sentenced Appellant within the statutory sentencing ranges for possession of drugs and aggravated trafficking. Accordingly, Appellant's proposed Assignment of Error is hereby overruled.
 {¶ 10} For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under Anders, grant counsel's request to withdraw, and affirm the judgment of the trial court.
 {¶ 11} The judgment of the Muskingum County Court of Common Pleas, General Division, is affirmed.
Farmer, J. Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY {¶ 12} For the reasons stated in the Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas, General Division, is affirmed.
 {¶ 13} Attorney Frederick A. Sealover's motion to withdraw as counsel for Appellant, Rosa Morales Angulo is hereby granted.
IT IS SO ORDERED.
[1] During plea negotiations, the State agreed to dismiss a second count of Aggravated Trafficking in Drugs (methamphetamine) with Major Drug Offender Specification, in violation of R.C. 2925.03(A)(1), a first degree felony. The dismissal motion was made and granted on July 31, 2006.